# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KAREN BOULANGER WOERNER

    Plaintiff,

v.                                                    1:18-CV-1231-WJ-JFR

BOARD OF EDUCATION OF RIO
RANCHO PUBLIC SCHOOLS,
and RICHARD BRUCE in his individual
and official capacity, and RANDALL
EVANS in his individual and official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO RECONSIDER

THIS MATTER is before the Court on Plaintiff's Motion to Reconsider the Court's dismissal with prejudice of Count VIII of Plaintiff's First Amended Complaint (**Doc. 36**). In her Motion, Plaintiff asks this Court to reverse its dismissal of her claim under the New Mexico Whistleblower Protection Act ("NMWPA"), NMSA 1978, §§ 10-16C-1 to -6 (2010). (*See* Doc. 33 at 20–22.) Having carefully reviewed the authority regarding the NMWPA, both in the first place and now in response to Plaintiff's Motion, the Court concludes that Plaintiff has failed to state a claim under the Act. Accordingly, Plaintiff's Motion is **DENIED**.

## BACKGROUND

This an employment action initiated by Plaintiff against her former employer, Rio Rancho Public Schools ("RRPS"), and two individual supervisors for alleged harassment suffered at the hands of a co-worker, Tom Weeks. In her First Amended Complaint ("FAC"), Plaintiff asserted a total of ten claims, including gender-based harassment, sex discrimination, retaliation, violation

of the Equal Protection Clause, violation of the NMWPA, breach of contract, and breach of the covenant of good faith and fair dealing. (Doc. 15.) Upon Defendants' respective Motions to Dismiss, this Court dismissed Plaintiff's harassment, discrimination, Equal Protection, and whistleblower claims with prejudice, finding that Plaintiff had failed to state a claim for each of these counts. (Docs. 33, 34.)

**DISCUSSION**

A motion to reconsider is appropriate where a court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning, but of apprehension. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *Huff v. UARCO, Inc.*, 925 F. Supp. 550, 561 (N.D. Ill. 1996). A motion to reconsider is properly denied when it "basically revisits, albeit in somewhat different forms, the same issues already addressed and dismissed by the court." *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (internal quotation marks and citation omitted).

Here, Plaintiff challenges the dismissal of her NMWPA claim, arguing that this Court has misapprehended, and therefore misapplied, New Mexico law on this count. As grounds for her request for reconsideration, Plaintiff contends that she sufficiently stated a NMWPA claim by alleging that she filed an internal complaint of gender harassment not only on behalf of herself but also on behalf of other female staff. (*See* Doc. 36 at 1–2 (citing Doc. 15 ¶¶ 54– 72).) This is the same argument advanced in Plaintiff's original briefing on this issue. (*See* Doc. 21 at 19.)

As an initial matter, to the extent that the Court's ruling was interpreted by Plaintiff as the Court requiring that the concern expressed by Plaintiff "be specific to government employment," (Doc. 36 at 3), the Court will clarify, as this was not the intended message of the Court's

conclusion. Plaintiff is correct in arguing that her grievances need not be specific to government employees; however, as correctly noted by Defendants, the Court did not state as much. (*See* Doc. 39 at 4.) The Court, in stating that "Plaintiff's grievances against RRPS are the kind of individual personnel and employment disputes that could arise in any context," (Doc. 33 at 21), was contrasting Plaintiff's conduct with conduct which "serves the public interest by assisting in the elimination of fraud, waste, abuse, and unnecessary Government expenditures." *Wills v. Bd. of Regents of the Univ. of N.M.*, 2015-NMCA-105, ¶ 20 (internal quotation marks and citation omitted).

The Court was, and remains, convinced that Plaintiff's allegations do not rise to the level of "serv[ing] the public interest" as required by the NMWPA. *Id.* Plaintiff contends that her NMWPA is valid because it was made on behalf of herself and other women who purportedly felt the same way. (*See* Doc. 36.) Indeed, in her original briefing, Plaintiff insisted that this was the "very definition of a public concern." (Doc. 21 at 19). But, to borrow Plaintiff's line, "saying it does not make it so." (*Id.* at 18.) Plaintiff's internal complaint[1] of workplace harassment, even assuming it was made on behalf of herself and others, was primarily for Plaintiff's own benefit. Plaintiff concedes that purely personal grievances do not suffice to state a NMWPA claim, but asserts "that is not is what entailed herein." (Doc. 36 at 7.) Regardless of whether Plaintiff chose to "tak[e] the heat" for other employees by voicing her concerns, (*id.* at 8), the Court is hard pressed to conclude that Plaintiff's actions are akin to the actions of employees who "risk their own personal job security for the benefit of the public." *Kakuska*, 2019 N.M. App. Unpub. LEXIS 327, at *8 (citing *Wills*, 2015-NMCA-105, ¶¶ 17, 20–21).

---

[1] In *Kakuska v. Roswell Indep. Sch. Dist.*, the New Mexico Court of Appeals, in determining that Plaintiff's issue was one of private, rather than public, concern, pointed to the fact that the plaintiff only voiced his concerns internally as opposed to taking them to someone outside him employer or to the media. *See* No. A-1-CA-36488, 2019 N.M. App. Unpub. LEXIS 327, at *3, 11 (N.M. Ct. App. Apr. 16, 2019).

"Whistleblower protection laws do not protect communications regarding personal personnel grievances that *primarily* benefit the individual employee." *Id.* at *9 (emphasis added) (internal quotation marks and citation omitted).  Whatever collateral benefit others may have derived from Plaintiff's internal complaint, there is nothing in the FAC which suggests to the Court that Plaintiff intended to 'blow the whistle' on Weeks' conduct for the public's, as opposed to her personal, benefit.  Even assuming that Plaintiff did intend to benefit some of her female colleagues, this limited number of people could hardly be construed as "the public" as that term is used in the NMWPA cases.

Plaintiff continues to rely on the language of the statute itself, arguing that because she internally reported what she in good-faith believed was a violation of law, namely, gender-based harassment and sex discrimination, she has sufficiently stated a claim under the NMWPA. (Doc. 36 at 4.)  But although the *language* of the statute itself does not "explicitly limit whistleblower protection" to matters of public concern, the *case law* interpreting the statute clearly does.  *See Wills*, 2015-NMCA-105, ¶ 20 (citing cases).  As such, Plaintiff's perfunctory assertion that she has met the elements of a claim under the NMWPA is unpersuasive.

## CONCLUSION

Plaintiff's argument for reconsideration—misapprehension of the law—is unavailing.  The Court will not reconsider what it has already considered.  As succinctly put by Defendants, "the Court's ruling is not contrary to the NMWPA but to Plaintiff's position."  (Doc. 39 at 5.)  New Mexico law does not recognize the whistleblower claim Plaintiff attempted to set forth in her FAC. Accordingly, Plaintiff's Motion to Reconsider (**Doc. 36**) is **DENIED**.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE